IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.4:19-CR-939-JAR-SPM |
| | ) | |
| JOE D. LEA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

NOW COMES Defendant, JOE D. LEA, by and through counsel, Assistant Federal Defender Mohammed G. Ahmed, moving this Honorable Court to enter an order *in limine* prohibiting the Government from using at trial evidence allegedly seized pursuant to an unlawful stop and seizure on July 30, 2019. Said evidence includes but is not limited to a firearm, ammunition and alleged drugs. Defendant further moves for suppression of alleged statements made subsequent to his unlawful stop and arrest. Said evidence and statements were taken in violation of the Fourth, Fifth and Sixth Amendments of the United States Constitution. In support of this motion, Defendant states:

**FACTUAL BACKGROUND**

1. According to discovery provided by the Government, on July 30, 2019, St. Louis North County Police Cooperative officers Benjamin Santoyo and Jourdain Hartman were traveling northbound on Stephen Jones Avenue just south of Page Boulevard in Wellston, Missouri in an unmarked patrol vehicle when they observed Defendant parking a vehicle in the parking lot of Wellston Food Market.

2. The discovery provides that the officers observed Defendant exit his vehicle and drop "a clear plastic bag containing an unknown substance."

1

3. Based upon their observation that Defendant dropped "a clear plastic bag containing an unknown substance," the officers told Defendant to stop.

4. Defendant failed to stop and the officers attempted to unlawfully seize him.

5. Defendant resisted the officers' attempt to unlawfully seize him but his resistance was overcome.

6. While unlawfully seizing the Defendant, officers found him in possession of a firearm, ammunition and drugs.

7. Thereafter, Defendant was taken to the police station where he made certain incriminating statements.

## LEGAL STANDARDS

8. The Fourth Amendment's requirement that searches and seizures must be based on objective justification, governs all seizures of the person, including seizures that involve only a brief detention short of traditional arrest. *Davis v. Mississippi*, 394 U.S. 721 (1969); *Terry v. Ohio*, 392 U.S. 1, 16–19 (1968).

9. When a police officer seizes a defendant without a warrant, as was the case here, the Government bears the burden of proving, by a preponderance of the evidence, that the search or seizure was constitutional. *See United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005) ("In the case of a warrantless search, the government bears the burden of establishing an exception to the warrant requirement.").

10. A police officer may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot; however, there must be reasonable suspicion of on-going criminal activity before a stop is justified. *See*, *e.g.*, *United States v. Hughes*, 517 F.3d 1013, 1019 (8th Cir. 2008). "Reasonable suspicion" requires particular, objective facts that justify the belief that a crime is being committed – not merely "inarticulate hunches." *United States v. Dunning*, 666 F.3d 1158, 1164 (8th Cir. 2012); *see also Terry*, 392 U.S. 22 - 30.

11.     "The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so." *Sibron v. New York*, 392 U.S. 40, 64 (1968).

12.     Statements made by Defendant, whether custodial or noncustodial, were the product of the illegal stop and seizure and should be excluded as evidence. *Wong Sun v. United States*, 371 U.S. 471 (1963). Additionally, "[v]erbal statements obtained as a result of a Fourth Amendment violation are as much subject the exclusionary rule as are items of physical evidence discovered during an illegal search." *United States v. Yousif*, 308 F.3d 820, 832 (8th Cir. 2002) (citing *Wong Sun*, 371 U.S. 4471).

Defendant requests a hearing on this motion after which defendant will move for suppression of the evidence based on the violations of the United States Constitution.

                                              Respectfully submitted,

                                              <u>/s/Mohammed G. Ahmed</u>
                                              MOHAMMED G. AHMED
                                              Assistant Federal Public Defender
                                              Bar No. 6285612 IL
                                              1010 Market Street, Suite 200
                                              St. Louis, Missouri 63101
                                              Telephone: (314) 241-1255
                                              Fax: (314) 421-3177
                                              E-mail: Mohammed_Ahmed@fd.org

                                              **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Thomas J. Mehan, Assistant United States Attorney.

      /s/Mohammed G. Ahmed
      MOHAMMED G. AHMED
      Assistant Federal Public Defender